# In the United States Court of Federal Claims

No. 19-1366C
Filed: April 13, 2020
NOT FOR PUBLICATION

| | |
|---|---|
| MARVIN L. STEWART, ) | |
| ) | RCFC 12(b)(1); Subject-Matter |
| Plaintiff, ) | Jurisdiction; RCFC 12(b)(6); Failure To |
| ) | State A Claim; Military Pay Act; 10 |
| v. ) | U.S.C. § 204; Military Disability |
| ) | Retirement Pay Act; 10 U.S.C. § 1201; |
| THE UNITED STATES, ) | Statute of Limitations, 28 U.S.C. § 2501. |
| ) | |
| Defendant. ) | |
| ) | |

*Marvin L. Stewart*, Long Beach, CA, plaintiff *pro se*.

*Galina I. Fomenkova*, Trial Attorney, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Michelle E. Walsh*, Of Counsel, United States Coast Guard, Office of Claims and Litigation, for defendant.

## **MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I.     INTRODUCTION

Plaintiff, *pro se*, Marvin L. Stewart, brings this military pay action challenging the propriety of his discharge from the United States Coast Guard ("Coast Guard") upon the ground that he did not receive a medical examination as required by Coast Guard policy. *See generally* Compl. As relief, plaintiff seeks, among other things, back pay and disability retirement benefits. *Id.* at 16-17. The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

Plaintiff, *pro se*, Marvin L. Stewart, is a former service member in the Coast Guard.  Def. Mot. at 1.  In this action, plaintiff challenges the propriety of his discharge from the Coast Guard and the Board of Correction for Military Records' ("BCMR") September 13, 1996, decision to deny his claim for disability retirement benefits.  Compl. at 5, 11.

Plaintiff relies upon several federal statutes to establish jurisdiction, including the Military Pay Act, 37 U.S.C. § 204; the Military Disability Retirement Pay Act, 10 U.S.C. § 1201; 10 U.S.C. § 1552; 10 U.S.C. § 1110; 10 U.S.C. § 701; 10 U.S.C. § 1168(a); and 14 U.S.C. § 2765.  *Id.* at 4, 9-16.  In his response and opposition to the government's motion to dismiss, plaintiff also alleges for the first time that the government violated 14 U.S.C. § 513; 10 U.S.C. § 1169; and the Fifth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution, by misrepresenting that he received a physical examination on the date of his discharge.  Pl. Resp. at 10, 12-15.  As relief, plaintiff seeks, among other things, back pay and disability retirement pay.  *Id.* at 6; Compl. at 16-17.

### 1.    Plaintiff's Military Service And Discharge

As background, plaintiff enlisted in the Coast Guard on September 1, 1969, and he was assigned to the *USCGC Glacier* for duty.  Pl. App'x 3 at 4.  Between January 1970 and July 1971, plaintiff was charged with multiple disciplinary infractions.  *Id.* at 4-9.

On July 3, 1971, the Captain of the *USCGC Glacier* requested authority from the Commandant of the Coast Guard to discharge plaintiff by reason of unsuitability.  *Id.* at 10.  On July 20, 1971, there was an attempted fire-bombing aboard the *USCGC Glacier*.  *Id.* at 9.

Plaintiff stood trial before a general court-martial in connection with the fire-bombing incident.  *Id.*  On December 6, 1971, plaintiff was acquitted.  *Id.* at 10.  And so, plaintiff was

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the appendix attached thereto ("Pl. App'x"); the government's motion to dismiss ("Def. Mot.") and the appendix attached thereto ("Def. App'x"); plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp."); and the government's reply in support of its motion to dismiss ("Def. Reply").  Except where otherwise noted, all facts recited herein are undisputed.

formally discharged from the Coast Guard with a general discharge by reason of unsuitability on December 6, 1971.  *Id.*

### 2.    Plaintiff's BCMR Petitions

Prior to commencing this action, plaintiff filed several petitions before the Board of Correction for Military Records challenging his discharge from the Coast Guard and seeking disability retirement benefits.  Pl. App'x 3 at 1-12, 15, 18-19; Def. App'x at 2, 5-6, 11, 13-14, 119-20.  Specifically, on April 20, 1978, plaintiff petitioned the BCMR to, among other things, upgrade his general discharge to an honorable discharge, or change the date and reason for his discharge.  Pl. App'x 3 at 3, 12.  On September 17, 1979, the BCMR ordered that plaintiff's DD-214 certificate of release or discharge from active duty be corrected to show, among other things, that plaintiff received an honorable discharge by reason of the expiration of his term of enlistment and to recommend re-enlistment (the "September 17, 1979, Decision").  *Id.* at 1, 18-19.  And so, the BCMR awarded plaintiff back pay and other allowances based upon his constructive re-instatement in the Coast Guard during the period December 6, 1971, to September 21, 1973.  *Id.* at 19.

On August 23, 1995, plaintiff filed an application for reconsideration of the BCMR's September 17, 1979, Decision.  Def. App'x at 2.  On September 25, 1995, plaintiff amended his application to include, among other things, a claim for disability retirement pay based upon a back injury and post-traumatic stress disorder.  *Id.* at 6, 9.

On September 13, 1996, the BCMR issued a final decision denying plaintiff's claims (the "September 13, 1996, Decision").  *Id.* at 2-12.  Thereafter, plaintiff requested reconsideration of the September 13, 1996, Decision, which the BCMR denied on December 18, 1996.  *Id.* at 13-14.

On August 31, 2017, plaintiff filed another application with the BCMR challenging the validity of his discharge from the Coast Guard upon the ground that he did not receive a medical examination.  Pl. App'x 1 at 1-11.  On March 30, 2018, the Chair of the BCMR sent plaintiff a letter stating that the BCMR could not docket his application, because plaintiff failed to submit new evidence of an alleged error or injustice.  Pl. App'x 2 at 1.

On April 18, 2019, the Coast Guard provided plaintiff with a notice of its intent to reissue

his DD-214 certificate.  Pl. App'x 4 at 1-9.  The Coast Guard reissued this certificate because plaintiff's DD-214 certificate had not been corrected to remove references to his original discharge order, as required by the BCMR's September 21, 1971, Decision.  Def. Mot. at 12.  On April 23, 2019, plaintiff responded to the Coast Guard's notice in a letter stating that he believed that the new discharge form contained "false statements of a material fact" regarding his medical and dental examination upon discharge.  Pl. App'x 5 at 1-3.  On June 14, 2019, the Coast Guard reissued plaintiff's DD-214 certificate with the aforementioned correction.  Pl. App'x 6 at 1-4.

### 3. Plaintiff's Prior Civil Actions

Plaintiff has filed numerous civil actions against the United States and/or federal government employees related to his discharge from the Coast Guard.  *See* Def. App'x at 15, 45, 49, 93, 95, 115, 128, 131, 133.  In each case, plaintiff alleged that he did not receive a valid medical examination at the time of his discharge from the Coast Guard.  *Id.* at 16, 65, 106, 131, 133.

Notably, on June 16, 1998, the Court dismissed as untimely plaintiff's case seeking judicial review of the BCMR's September 17, 1979, Decision denying his discharge claim. *Stewart v. United States*, Case No. 98-424C (Fed. Cl. June 16, 1998).[2]  On May 7, 1999, the Court dismissed another case filed by plaintiff alleging, among other things, that his medical records had been falsified to prevent him from receiving disability retirement benefits.  *Stewart v. United States*, Case No. 99-281C (Fed. Cl. May 7, 1999).[3]  Lastly, the Court dismissed a third case filed by plaintiff in 2017, challenging his discharge upon the grounds that the Coast Guard failed to provide a medical examination at the time of his discharge and that the Coast Guard created fraudulent medical documents.  *Stewart v. United States*, Case No. 17-200C (Fed. Cl. July 20, 2017).

Plaintiff has also filed several cases related to his military discharge in the United States District Court for the Central District of California.  These cases were either voluntarily

---

[2] The Federal Circuit affirmed the Court's dismissal of this case on January 7, 1999.  *Stewart v. United States*, No. 98-5135, 1999 WL 13396, at *3 (Fed. Cir. Jan. 7, 1999).

[3] The Federal Circuit affirmed the Court's dismissal of this case on December 9, 1999.  *Stewart v. United States*, No. 99-5105, 1999 WL 1253485, at *3 (Fed. Cir. Dec. 9, 1999).

dismissed by plaintiff, dismissed as untimely, or dismissed based upon the merits of the case. Def. App'x at 95-114; 121-125; 126-127; 131-132.

Plaintiff commenced this action on September 11, 2019.  *See generally* Compl.

**C.      Procedural Background**

Plaintiff filed the complaint in this military pay matter on September 11, 2019.  *Id.*  On November 12, 2019, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and (6).  *See generally* Def. Mot.

On December 16, 2019, plaintiff filed a response and opposition to the government's motion to dismiss.  *See generally* Pl. Resp.  On December 27, 2019, the government filed a reply in support of its motion to dismiss.  *See generally* Def. Reply.

This matter having been fully briefed, the Court resolves the pending motion to dismiss.

**III.      LEGAL STANDARDS**

**A.      *Pro Se* Litigants**

Plaintiff is proceeding in this matter *pro se*.  This Court grants parties that are proceeding *pro se* greater leeway than litigants represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers").  But, "justice is ill-served when a jurist crosses the line from finder of fact to advocate."  *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002).  And so, the Court may excuse ambiguities in plaintiff's complaint, but the Court does not excuse the complaint's failures.  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In this regard, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."  *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  And so, the *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider a claim. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

### B.      Jurisdiction And RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1).  But, plaintiff bears the burden of establishing subject-matter jurisdiction and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted).  And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003).  "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the

6

duties [it] impose[s].'"  *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this dispute, this Court possesses jurisdiction to consider claims brought pursuant to the Military Pay Act and the Military Disability Retirement Pay Act.  37 U.S.C. § 204; 10 U.S.C. § 1201; *see also Bias v. United States*, 131 Fed. Cl. 350, 354 (2017), *aff'd in part and rev'd in part*, 722 F. App'x 1009 (Fed. Cir. 2018) ("[T]he Military Pay Act, 37 U.S.C. § 204, is a money-mandating source of law that provides the [C]ourt with jurisdiction."); *Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005) (holding that 10 U.S.C. § 1201 is a money-mandating statute).  Pursuant to the Military Pay Act, members of a uniformed service are entitled to the basic pay of the pay grade to which they are assigned or distributed, in accordance with their years of service.  37 U.S.C. § 204(a).  And so, the Federal Circuit has recognized that the Military Pay Act "provides for suit in [this Court] when the military, in violation of the Constitution, a statute, or a regulation, has denied military pay."  *Antonellis v. United States*, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (quoting *Dysart v. United States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004)).

The Military Disability Retirement Pay Act governs military retirement for disability.  10 U.S.C. § 1201; *see also Chambers v. United States*, 417 F.3d at 1223.  Pursuant to that Act, the Secretary of a military branch may retire a service member with retired pay, if the Secretary concerned makes a determination that a service member is unfit to perform the duties of the service member's office, grade, rank, or rating because of physical disability.  10 U.S.C. § 1201(a).

### C.      RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court similarly assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor.  *See Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017) (citing *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014)).  And so, to survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 678-79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### D.    28 U.S.C. § 2501

Pursuant to title 28, United States Code, Section 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statute of limitations "is jurisdictional and not susceptible to equitable tolling." *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (citation omitted); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008) (The Supreme Court "has long interpreted the court of claims limitations statute" as jurisdictional, setting forth a "more absolute, kind of limitations period" that does not permit equitable tolling).

Generally, "[a] cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez*, 333 F.3d at 1303 (citations omitted). In other words, such a cause of action accrues "when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" *Id.* (quoting *Nager Elec. Co. v. United States*, 177 Ct. Cl. 234, 240 (1966)). Within the context of a military discharge case, the Federal Circuit has held that the plaintiff's cause of action for back pay accrues at the time of his or her discharge. *Id.* (citations omitted). And so, if a service member does not file suit within six years of the date of discharge, the service member "loses all rights to sue for the loss of pay stemming from the challenged discharge." *Id.*

In addition, the Federal Circuit has held that claims for disability retirement benefits generally accrue when "a military board evaluates a service member's entitlement to such retirement in the first instance." *Chambers*, 417 F.3d at 1225. And so, a service member's ability to recover disability retirement benefits is predicated upon the requirement that the

service member first pursue a claim for disability retirement benefits before the relevant agency. *Id.* at 1224-25 (citing *Martinez*, 333 F.3d at 1304).

### E.   Res Judicata

Lastly, the Federal Circuit has recognized that "[t]he doctrine of res judicata involves the related concepts of claim preclusion and issue preclusion." *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008). Specifically, claim preclusion prevents a party from relitigating the same claims that were, or could have been, raised in a prior action. *Goad v. United States*, 46 Fed. Cl. 395, 397 (2000) (citations omitted). Claim preclusion bars a claim where: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014) (internal quotation marks omitted) (quoting *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citations omitted) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). And so, claim preclusion serves the public interest by reducing the number of lawsuits, conserving judicial resources, and preventing inconsistent decisions. *Federated Dep't Stores, Inc.*, 452 U.S. at 398-99.

The doctrine of collateral estoppel—or issue preclusion—protects litigants from the burden of relitigating an identical issue with the same party and promotes judicial economy by preventing needless litigation. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328-29 (1971). "A party asking the [C]ourt to apply collateral estoppel must establish that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1323 (Fed. Cir. 2003) (internal quotation marks omitted) (quoting *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)); *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (citing *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365-66 (Fed. Cir. 2000)).

## IV.   LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and (6), upon the grounds that plaintiff's military discharge and retirement disability benefits claims are time-barred and precluded by the doctrine of res judicata.  Def. Mot. at 14-18.  Plaintiff counters that his claims are timely and not precluded by res judicata, because the claims in this action pertain to either:  (1) the Coast Guard's April 18, 2019, notice of intent to modify his DD-214 certificate; (2) the Coast Guard's June 14, 2019, modification of his DD-214 certificate; and/or (3) the BCMR's March 30, 2018, Decision denying the challenge of his military discharge.  *See generally* Pl. Resp.

For the reasons set forth below, a careful review of the complaint shows that plaintiff's claims are barred by the statute of limitations set forth in 28 U.S.C. § 2501.  And so, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.

### A.   The Court May Not Consider Plaintiff's Challenge To His Discharge

As an initial matter, the Court must dismiss plaintiff's claim challenging his discharge from the Coast Guard, because this claim is plainly barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501.  Title 28, United States Code, Section 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such a claim first accrues."  28 U.S.C. § 2501. The Federal Circuit has held that a cause of action for back pay in a military pay case accrues at the time of the service member's discharge from the military.  *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (citations omitted).  And so, if plaintiff failed to bring his discharge claim within six years of the date of his discharge from the Coast Guard, he has lost "all rights to sue for the loss of pay stemming from the challenged discharge."  *Id.*

In this case, it is undisputed that plaintiff was discharged from the Coast Guard on December 6, 1971.  Pl. App'x 3 at 10; Def. Mot. at 7.  It is also undisputed that the BCMR subsequently corrected plaintiff's military records to reflect that plaintiff was constructively discharged from the Coast Guard on September 21, 1973.  Pl. App'x 3 at 19; Def. Mot. at 4. And so, the latest date on which plaintiff could have brought his claim would have been six years

after the date of his constructive discharge from the Coast Guard—September 21, 1979.
*Martinez*, 333 F.3d at 1303.

Plaintiff commenced this action on September 11, 2019—many decades after the statute
of limitations for his discharge claim expired. *See generally* Compl.  And so, plaintiff's claim is
untimely and the Court must dismiss this claim for lack of subject-matter jurisdiction.[4]  28
U.S.C. § 2501; RCFC 12(b)(1).

### B.    The Court May Not Consider Plaintiff's Disability Benefits Claim

The Court similarly does not possess subject-matter jurisdiction to consider plaintiff's
claim for disability retirement benefits.  The Federal Circuit has held that claims regarding
disability retirement benefits generally accrue when "a military board evaluates a service
member's entitlement to such retirement in the first instance." *Chambers v. United States*, 417
F.3d 1218, 1225 (Fed. Cir. 2005).  In this case, it is undisputed that the BCMR issued a final
decision denying plaintiff's claim for disability benefits on September 13, 1996.  Def. App'x at
2-12; *see also* Pl. Resp. (showing that plaintiff does not dispute that the BCMR issued a final
decision denying plaintiff's claim for disability retirement benefits on September 13, 1996).  And
so, to be timely, plaintiff must have filed his disability retirement claim no later than September
13, 2002.  28 U.S.C. § 2501.

Again, plaintiff commenced this action on September 11, 2019, long after the statute of
limitations period for his disability retirement benefits claim expired. *See generally* Compl.  And
so, the Court must also dismiss this claim for lack of subject-matter jurisdiction.  RCFC 12(b)(1).

Because the Court has determined that plaintiff's claims are untimely, the Court does not
reach the issue of whether the doctrine of res judicata also precludes plaintiff's claims.

---

[4] The Court is also not persuaded by plaintiff's argument that the limitations period for his discharge
claim has been tolled or waived by either the issuance of the BCMR's March 30, 2018, Decision, or the
modification of his DD-214 certificate on June 14, 2019.  Pl. Resp. at 8; Compl. at 10.  It is well-
established that proceedings before the correction boards do not toll the statute of limitations. *Martinez*,
333 F.3d at 1303-04.  A careful reading of the complaint also makes clear that this case does not involve a
challenge to the Coast Guard's decision to re-issue and correct plaintiff's DD-214 certificate. *See*
*generally* Compl.  And so, plaintiff has not shown that his claim is timely.

### C.      The Court May Not Consider Plaintiff's Constitutional Law Claims

Lastly, the Court must also dismiss plaintiff's constitutional law claims.  In his response and opposition to the government's motion to dismiss, plaintiff alleges for the first time in this litigation that the government violated the Fifth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution.  Pl. Resp. at 10, 12-15.  But, it is well-established that this Court does not possess subject-matter jurisdiction to consider claims brought pursuant to the Due Process Clauses of the Constitution.  *Kenyon v. United States*, 127 Fed. Cl. 767, 773 (2016), *aff'd*, 683 F. App'x 945 (Fed. Cir. 2017); *see also Bailey v. United States*, No. 15-09C, 2015 WL 4505915, at *3 (Fed. Cl. July 23, 2015) (stating that due process claims are not considered to be money-mandating because they are outside of the scope of the jurisdiction granted to the Court of Federal Claims by the Tucker Act).  This Court is also without jurisdiction to consider claims brought pursuant to the Ninth and Tenth Amendments of the Constitution, because these provisions are not money-mandating.  *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) (stating that claims brought pursuant to the Ninth and Tenth Amendments are outside the jurisdiction of this Court because they are not money-mandating).  And so, the Court must dismiss these constitutional law claims.[5]

## V.      CONCLUSION

In sum, the most generous reading of the complaint makes clear that plaintiff's claims are untimely and barred by the statute of limitations set forth in 28 U.S.C. § 2501.

---

[5] Plaintiff's new statutory claims were raised for the first time in this litigation in his response to the government's motion to dismiss.  These new statutory claims, which are based upon 14 U.S.C. § 513 (retroactive pay due to administrative error) and 10 U.S.C. § 1169 (limitations on discharge), appear to be connected to the untimely challenge of plaintiff's discharge from the Coast Guard.  Pl. Resp. at 10, 12-13.  And so, to the extent that these claims have been properly raised in this action, the Court dismisses these claims.  RCFC 12(b)(1).

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss; and

2. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge

13